24

DAVIS ET AL., APPELLEES, *v.* OHIO STATE BOARD OF EDUCATION,
APPELLANT.

(No. 40875—Decided January 10, 1968.)

*Messrs. Clayman, Jaffy & Taylor, Mr. Stewart R. Jaffy* and *Mr. James R. McKenna,* for appellees.

*Mr. William B. Saxbe,* attorney general, and *Mr. William H. Grubbs,* for appellant.

BROWN, J.   The factual basis of the decision in the Court of Appeals is obscure in that the defendant, by answer in the trial court, denied that it had failed to consider the desires of the residents of the affected school districts before concluding that there was a need for reorganization of the school districts and affirmatively asserted that it had considered these desires.   The trial court, on the evidence, resolved this issue of fact in favor of the defendant in its journal entry and specifically found that the board had complied with all the requirements of Section 3311.37, Revised Code, mandatory or otherwise.

The Court of Appeals opinion recites, and the record discloses, that the department staff, in making the study, visited the school buildings in the districts, talked to school superintendents, obtained newspaper clippings of published stories concerning the districts and "monitored" some radio programs.   The opinion recites further, and the record discloses, that there was a joint meeting of the members of the three local school boards with the department (State Department of Education) staff at which reorganization was discussed, and that those who appeared at the board meeting at which the study report was received and its recommendations formally adopted and who asked to be heard were permitted to speak.

On the other hand, the appellate court, in finding that the statutory language requiring the board to consider the

desires of the residents was mandatory and that there had been noncompliance by the board, discussed as evidence of noncompliance the absence of public hearings or meetings, and the board's failure to solicit the residents' views by the use of advertisements in the newspapers or on radio or television.

That the General Assembly intended that the State Board of Education consider the desires of the residents of the affected districts is clear from the specific language of the statute making such consideration necessary and from the language making voter approval of the proposal a prerequiste to creation of the new school district. Those whose duty it is to propose any such proposition for voter approval need hardly be told that they should attempt to predetermine the desires of those to whom it is to be submitted.

We disagree with the finding of the Court of Appeals that the desires of the affected residents were not considered. The recited evidence in the record justified the finding to the contrary by the trial court. Additionally, we find, at page 109 of the bill of exceptions, the following which transpired between Mr. Leibold, special counsel representing the Attorney General of Ohio, and the witness, Mr. M. B. Morton, an Assistant Superintendent of Public Instruction employed by the State Board of Education:

"Q. Mr. Morton, in making the study did you have any indication of the desires of the residents of the affected areas? A. Yes, we had indications.

"Q. And how did you receive these indications, in what form? A. Well, from school officials, from newspaper accounts, from letters.

"Q. And was consideration given to those indications?

"Mr. Jaffy: (counsel for plaintiffs) Objection. From what we have heard so far everything the man says he had was a matter coming to him second hand. Now the question is whether you consider second hand information.

"The Court: I will let him answer. Did you or didn't you? No matter how it came.

"The Witness: Yes, we had indications, very clear indications. We were not surprised at the result of the election.

"Mr. McKenna: Object, Your Honor, to this.

"Mr. Jaffy: Object.

"The Court: What I want you to do, don't give any conclusion, just give what you had. You said letters specifically.

"The Witness: Letters, personal conversations with school officials and newspaper accounts, and we monitored a few radio programs.

"Q. And did you give these indications consideration? A. Yes, sir."

The record is clear that the board had evidence of the desires of the residents before it.

The question remaining is whether the procedures followed in obtaining such evidence was such that a statutorily insufficient sampling of opinion was obtained or whether the sample obtained was not given sufficient weight in the ultimate administrative judgment.

A casual reading of Section 3311.37, Revised Code, discloses that the General Assembly included no requirement that notice be given to anyone by the State Board of Education of its intention to do any of the things or take any of the steps contemplated by the statute and leading to the proposal of the resolution for approval by the voters of the affected districts. Nor does the statute require public hearings or newspaper advertising for the purpose of soliciting an expression of the desires of those affected. Since such requirements could easily have been and often are included in such statutes, we must assume that the broad grant of power here given to the State Board of Education carried with it the power to determine the means by which the desires of the residents of the affected districts might be determined and the extent to which such desires should be permitted to control the ultimate overall judgment of the board. The realities of this situation dictate that these matters were intended by the General

Assembly to be entrusted to the sound discretion of the board, subject only to the right of the court to strike down abuses of such discretion and subject to the right of the people in the affected districts to refuse to authorize the creation of the new school district when they cast their votes on the proposal at the election.

The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.